## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 28, 2014

The Honorable Luis V. Saenz
Cameron County District Attorney
Cameron County Courthouse
964 East Harrison Street
Brownsville, Texas 78520

Opinion No. GA-1053

Re: Whether subsection 2.204(c) of the
Family Code authorizes a justice of the peace
to grant a waiver of the 72-hour waiting
period after the issuance of a marriage
license (RQ-1160-GA)

Dear Mr. Saenz:

When a marriage license is issued in Texas, subsection 2.204(a) of the Family Code imposes a
72-hour waiting period before a marriage ceremony may take place, with certain exceptions. *See*
TEX. FAM. CODE ANN. § 2.204(a), (b) (West Supp. 2013). An applicant may, however, request "a
written waiver permitting the marriage ceremony to take place during the 72-hour period immediately
following the issuance of the marriage license" from a list of judges set forth in subsection 2.204(c).
*Id.* § 2.204(c). You ask "whether a justice of the peace is authorized to grant 72-hour waivers" under
subsection 2.204(c) and, if so, you have related questions concerning fees for the issuance of
waivers.[1]

The waiver provision, located in Title 1 of the Family Code, states that "[a]n applicant may
request a judge of a court with jurisdiction in family law cases, a justice of the supreme court, a judge
of the court of criminal appeals, a county judge, or a judge of a court of appeals for a written waiver"
of the 72-hour waiting period. TEX. FAM. CODE ANN. § 2.204(c) (West Supp. 2013). In your view,
"on the face [of] the statute it appears that a justice of the peace has no authority to sign or grant a
waiver of the 72-hour period" because the list in subsection 2.204(c) does not refer expressly to a
justice of the peace. Request Letter at 2. The statute does, however, grant waiver authority to "a
judge of a court with jurisdiction in family law cases." TEX. FAM. CODE ANN. § 2.204(c) (West Supp.

---

[1]Letter from Honorable Luis V. Saenz, Cameron Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at
1 (Oct. 23, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

2013).  To determine whether a justice of the peace is a judge of "a court with jurisdiction in family law cases," we examine the jurisdiction of a justice court.

A justice court has original jurisdiction of (1) certain civil matters where the amount in controversy is not more than $10,000; (2) cases of forcible entry and detainer; (3) certain foreclosures of mortgages and enforcement of liens on personal property; and (4) cases involving photographic traffic enforcement systems outside a city's territorial limits.  *See* TEX. GOV'T CODE ANN. § 27.031(a) (West Supp. 2013).  In addition, a justice court has "jurisdiction and powers provided by the constitution and other law."[2]  *Id.*  One such area in which a justice court may be given jurisdiction involves truancy cases.  *See* TEX. FAM. CODE ANN. § 54.021(a) (West Supp. 2013).

As background, the court with "primary responsibility for cases involving family law matters" is a family district court.[3]  TEX. GOV'T CODE ANN. § 24.601(b) (West 2004).  "These matters include: (1) adoptions; (2) birth records; (3) divorce and marriage annulment; (4) child welfare, custody, support and reciprocal support, dependency, neglect, and delinquency; (5) parent and child; and (6) husband and wife."  *Id.* § 24.601(b)(1)–(6).  In the case of delinquent conduct or conduct indicating a need for supervision of a child, Title 3 of the Family Code grants exclusive original jurisdiction to juvenile courts[4] in the county.  TEX. FAM. CODE ANN. § 51.04(a) (West Supp. 2013).  Where the conduct indicating a need for supervision is the alleged failure to attend school, a juvenile court may choose to waive its exclusive original jurisdiction and transfer the child, among other places, to a justice court.  *Id.* § 54.021(a).  This waiver of exclusive jurisdiction may be for an individual case or for all truancy cases as a class.  Such a waiver authorizes the justice court to "exercise jurisdiction over" the child if certain conditions are met.  *Id.* § 54.021(a)–(b).

A justice court gains jurisdiction over Title 3 truancy cases, however, only when a juvenile court waives its exclusive original jurisdiction over such matters.  *Id.* § 54.021(a).  A justice court does not exercise this jurisdiction independently.  Further, although the Legislature does not define the phrase "court with jurisdiction in family law cases" in the Family Code, references in other

---

[2]A justice of the peace may conduct a marriage ceremony.  TEX. FAM. CODE ANN. § 2.202(a)(4) (West Supp. 2013).  A justice court, however, expressly "does not have jurisdiction of . . . a suit for divorce."  TEX. GOV'T CODE ANN. § 27.031(b)(2) (West Supp. 2013).  In addition, not all judges authorized to conduct marriage ceremonies are authorized to grant waivers of the 72-hour waiting period.  *Compare* TEX. FAM. CODE ANN. § 2.202(a)(4)–(5) (West Supp. 2013) (listing eighteen categories of judges authorized to conduct a marriage ceremony), *with id.* § 2.204(c) (specifying only five categories of judges authorized to grant waivers of the 72-hour waiting period).

[3]The designation of a family district court as having primary responsibility for family law matters "does not limit the jurisdiction of other district courts nor relieve them of responsibility for handling cases involving family law matters."  TEX. GOV'T CODE ANN. § 24.601(c) (West 2004).

[4]*See* TEX. FAM. CODE ANN. § 51.04(b) (West Supp. 2013) (providing that in each county, "one or more district, criminal district, domestic relations, juvenile, or county courts or county courts at law" shall be designated as the juvenile court).

statutes that set forth the jurisdiction of various courts strongly suggest that the phrase does not include courts with only Title 3 jurisdiction in truancy cases. *See, e.g.* TEX. GOV'T CODE ANN. § 24.601(b) (West 2004) (defining "family law matters" for purposes of family district court jurisdiction to include child delinquency but not conduct indicating a need for supervision of a child, such as truancy); *id.* § 25.0002(2) (West Supp. 2013) (defining "family law cases and proceedings" for purposes of statutory county court jurisdiction to exclude cases and proceedings under Title 3 of the Family Code); *Robertson v. Odom*, 296 S.W.3d 151, 157 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that in construing an undefined word or phrase, a court "may consider the meaning assigned to the term elsewhere in the act or in another act of similar nature" and give the same meaning as in the similar statute "unless something indicates that a different meaning was intended"). Accordingly, a court would likely conclude that a justice of the peace is not a "judge of a court with jurisdiction in family law cases" for purposes of subsection 2.204(c) of the Family Code and thus may not grant a waiver of the 72-hour waiting period after the issuance of a marriage license.

Because your remaining questions concerning related fees are expressly premised on an affirmative answer to your first question, we do not address them.

## S U M M A R Y

A court would likely conclude that a justice of the peace is not a "judge of a court with jurisdiction in family law cases" for purposes of subsection 2.204(c) of the Family Code and thus may not grant a waiver of the 72-hour waiting period after the issuance of a marriage license.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee